United States District Court
Southern District of Texas
**ENTERED**
May 05, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., ET AL. § | |
| § | |
| V. § | CIVIL ACTION NO. G-13-427 |
| § | |
| HOMESTEAD CLUB VENTURES, LLC § | |
| d/b/a Rose Country Club; § | |
| PATRICIA F. KUPRITZ § | |
| and HYLTON KUPRITZ, § | |
| INDIVIDUALLY § | |

## OPINION AND ORDER

On February 2, 2016, the Court granted the Motion for Summary Judgment of Plaintiff, Broadcast Music, Inc., et al, but withheld any determination of the recoverable damages, attorney's fees and costs. Having now considered the Parties submissions and arguments on those matters, the Court issues this Opinion and Order.

First, the attorney's fees. The Court finds that the hourly rates of $300.00 and $275.00 are reasonable in the Galveston Division. The Court also finds that the number of hours spent by Plaintiffs' counsel were reasonable under the circumstances of this case given the substantial delays attributable to the Defendants' conduct in what is, in essence, a strict liability action. The Court sees no need to adjust the "lodestar" since the only relevant Johnson[1] factor, "the time and labor required," while seemingly excessive, was caused by the Defendants. In fact, the attorney's fees generated would have been even

---

[1]   Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)

greater had there not been a partial fixed fee arrangement. The Court, therefore, **AWARDS** Plaintiffs attorney's fees in the amount of $16,444.00.

Next, the costs. The Court finds that the Plaintiffs' Bill of Costs is reasonable and it **SHOULD BE** approved in the amount of $1,918.10.

Finally, damages. The Court understands the Defendants' limited financial situation and the risk that a substantial award may result in no recovery at all, but it would be unfair to cause Plaintiffs to lose money for asserting their rights. Any award that did not at least make the Plaintiffs whole would be a "Pyrric Victory." Simple arithmetic indicates that an award of less than $3,672.42 for each infringement would be the equivalent of Plaintiffs having "lost the case." The Court, therefore, finds that Plaintiffs **SHALL RECOVER** $6,000.000 for each of the five (5) infringements for a total award of $30,000.00.

An appropriate Final Judgment **WILL** be issued.

**DONE** at Galveston, Texas, this ____5th_____ day of May, 2016.

_____
John R. Froeschner
United States Magistrate Judge